### J. T. Spain v. The State.

No. 598. Decided May 11, 1910.

Rehearing denied June 8, 1910.

**1.—Local Option—Charge of Court—Defendant's Theory of Defense.**

Where the testimony for the defense showed that defendant only acted as agent for the purchaser in getting whisky, and also that the money handed the defendant was not used for buying whisky, these matters should have been submitted to the jury, the defendant being tried for a felony.

**2.—Same—Order of Court—Court's Docket.**

Where, upon appeal from a conviction of felony, the record showed that the minutes of the court below showed that the motion for new trial was considered and overruled, and notice of appeal given, this controlled the court's docket which was in direct conflict with the minutes of the court.

Appeal from the District Court of Limestone. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of a violation of the local option law as a felony; penalty, one year's imprisonment in the penitentiary.

The opinion states the case.

*Jack & Jack,* for appellant.—On question of court's failure to charge defendant's theory of the case: James v. State, 45 Texas Crim. Rep., 592, 78 S. W. Rep., 951.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at one year's confinement in the penitentiary.

The election was held subsequent to the going into effect of the late law making it a felony to sell whisky in a local option territory. The State's witness Tatum, one of the alleged purchasers, testified that he and Wes Tinsley bought a quart of whisky from appellant, which was some time in the month of November, 1909; that the sale occurred in Limestone County; that he did not recall exactly the date. Without going into a detailed statement of the facts in regard to the matter, the State proved a sale of a quart of whisky to the two negroes mentioned. Appellant testified in his own behalf that he did not sell them any whisky; that he was going from Coolidge to the city of Waco, and Tatum gave him a dollar and requested him to bring him a bottle of whisky from Waco, which he did.

The court charged the jury that if they believed that appellant sold the whisky in Limestone County to Henry Tatum and Wes Tinsley then they would find him guilty. Exception was reserved to the failure of the court to charge appellant's theory of the case, that is, if the negro Tatum gave appellant a dollar to purchase whisky for him in Waco, and that he did purchase it with the money given him by Tatum and brought it back and delivered it to him as an accommodation, he should be acquitted, or if they had a reasonable doubt of this he should be acquitted. We are of opinion that the failure of the court to charge this was error and inasmuch as appellant has taken advantage of this failure in motion for new trial, that it requires a reversal of the judgment.

There was also testimony to the effect that the money paid appellant by the negroes at the time of the transaction was for bananas, appellant being a banana peddler, and that the money was not paid for whisky. We are of opinion that these matters required at the hands of the court a submission of this theory to the jury in the charge, and that in failing to do so there is reversible error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

ON REHEARING.

June 8, 1910.

DAVIDSON, PRESIDING JUDGE.—At a former day of the term the judgment herein was reversed and remanded. The State has filed motion for rehearing. The contention of the State is that the

orders from the minutes of the District Court copied in the transcript should not be considered but disregarded, and in lieu of them for our consideration sends a certified copy of some orders or statements on the court's docket, which are directly in conflict with the minutes of the court. The minutes of the trial court show that the motion for new trial was considered and overruled, and notice of appeal given. The clerk sends up a certificate showing that while the transcript is correct, and these records correctly transcribed, yet that, as a matter of fact, the judge's docket shows he struck out the motion for new trial on motion of the district attorney, and did not pass on it otherwise than to strike it out and refuse to pass on it. It seems to be unquestioned that the minutes of the court, shown in the transcript, are correctly transcribed, and are in direct conflict with the certificate now sent up taken of the recitations taken from the court's docket. The minutes of the court will control. The judge approved those minutes after they were regularly entered. The judge's minutes on his docket or memorandum made by him on his docket will not control the minutes of the court entered and approved. The minutes of the court can not be in this manner attacked or set aside.

The motion for rehearing, as presented, will, therefore, be overruled.

*Overruled.*